UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DENNIS O'BRIEN,

      Plaintiff,

v.                                Case No:  8:25-cv-01341-JLB-CPT

UNITED STATES OF AMERICA,

      Defendant.

_____/

## ORDER

Before the Court is Plaintiff Dennis O'Brien's Complaint against Defendant the United States of America.  (Doc. 1).  For the reasons stated below, Plaintiff's Complaint is **DISMISSED without prejudice** as an impermissible shotgun pleading.

## LEGAL STANDARD

"A district court has the 'inherent authority to control its docket and ensure the prompt resolution of lawsuits,' which includes the ability to dismiss a complaint on shotgun pleading grounds."  *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (quoting *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015)).

## DISCUSSION

"A shotgun pleading is a complaint that violates either Federal Rule of Civil Procedure 8(a)(2) or Rule 10(b), or both."  *Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021) (citing *Weiland*, 792 F.3d at 1320).  Rule 8(a) requires a complaint

contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Rule 10(b) requires that a party "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). The "self-evident" purpose of the rules is "to require the pleader to present his claims discretely and succinctly" so the adversary "can discern what he is claiming and frame a responsive pleading [and] the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted." *Weiland*, 792 F.3d at 1320 (citation omitted). Further, a common category of shotgun pleadings are those that do not "separat[e] into a different count each cause of action or claim for relief." *Id.* at 1323.

Here, Plaintiff's Complaint does not include any general factual allegations, nor does it separate each cause of action. (*See generally* Doc. 1). Indeed, the Complaint fails to list any cause of action whatsoever. This makes it difficult for Defendant to discern what Plaintiff's claims against it are and what factual allegations Plaintiff relies on in support of those claims.

Because the Complaint is a shotgun pleading, the Court finds dismissal without prejudice appropriate. *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1357 (11th Cir. 2018) ("[A] District Court retains authority to dismiss a shotgun pleading on that basis alone."). The Court will provide Plaintiff leave to file an amended complaint within 21 days from the date of this Order. *See* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."); *Vibe Micro, Inc. v.*

*Shabanets*, 878 F.3d 1291, 1296 (11th Cir. 2018) ("When a litigant files a shotgun pleading, is represented by counsel, and fails to request leave to amend, a district court must sua sponte give him ***one chance*** to replead before dismissing his case with prejudice on non-merits shotgun pleading grounds." (emphasis added)).

## CONCLUSION

Accordingly, it is **ORDERED**:

(1)     Plaintiff's Complaint (Doc. 1) is **DISMISSED without prejudice**.

(2)     Plaintiff is provided leave to file an amended complaint within 21 days from the date of this Order. Failure to timely file an amended complaint will result in the dismissal of this case without further notice of the Court.

**ORDERED** in Tampa, Florida, on May 19, 2026.

_____

**JOHN L. BADALAMENTI**
UNITED STATES DISTRICT JUDGE

3