UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DENNIS O'BRIEN,

      Plaintiff,

v.                                                        Case No:  8:25-cv-01341-JLB-CPT

UNITED STATES OF AMERICA,

      Defendant.

                                    /

## ORDER

Before the Court is Plaintiff Dennis O'Brien's Motion for Reconsideration and Clarification of the Court's Order (Doc. 19) Dismissing his Complaint as a shotgun pleading with leave to amend.  (Doc. 20).  The Motion is **DENIED** to the extent that it requests reconsideration of the Court's prior Order (Doc. 19) and **GRANTED** to the extent that it seeks clarification of the prior Order.

## LEGAL STANDARD

The decision to grant or deny a motion for reconsideration of a non-final judgment "is committed to the sound discretion of the district judge . . . ." *Region 8 Forest Serv. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 806 (11th Cir. 1993) (applying the same standard to motions for reconsideration for non-final judgments and final judgments).

## DISCUSSION

At the outset, the Court emphasizes that "[a] district court has the 'inherent authority to control its docket and ensure the prompt resolution of lawsuits,' which

includes the ability to dismiss a complaint on shotgun pleading grounds." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (quoting *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015)).

Here, the Court dismissed Plaintiff's Complaint without prejudice as a shotgun pleading because the Complaint does not contain general factual allegations or list separately any cause of action. (Doc. 19 at 2) (citing Doc. 1). As a result, the Complaint does not incorporate any factual allegations into any cause of action. (Doc. 1). This constitutes a shotgun pleading. *See, e.g.*, *Bradley v. Baker*, No. 6:23-CV-2281-CEM-RMN, 2024 WL 5671530, at *2 (M.D. Fla. Feb. 21, 2024), report and recommendation adopted, No. 6:23-CV-2281-CEM-RMN, 2024 WL 5671528 (M.D. Fla. Apr. 29, 2024) (dismissing a complaint as a shotgun pleading because it "fails to list *any* cause of action") (emphasis in original); *Darby v. United Auto. Ins. Co.*, No. 20-22777-CIV, 2020 WL 3977176, at *3 (S.D. Fla. July 14, 2020) (dismissing a complaint as a shotgun pleading because it "does not numerically list any of [plaintiff]'s causes of action"); *Seole v. Ace Hardware*, No. 25-CV-62599, 2026 WL 174915, at *1 (S.D. Fla. Jan. 16, 2026), report and recommendation adopted in part, No. 0:25-CV-62599, 2026 WL 173212 (S.D. Fla. Jan. 22, 2026) (same); *Robinson v. United States*, No. 1:23-CV-1161-MHC, 2023 WL 3662657, at *1 (N.D. Ga. Apr. 13, 2023) (same).

Though Plaintiff contends that the Complaint does not fall neatly into one of the four categories of a shotgun pleading outlined in *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321–23 (11th Cir. 2015), those categories are not

meant to be an exhaustive list of types of shotgun pleadings; rather, they are simply the most common. (Doc. 20 at 4).

The Court notes that the pleading requirements for a civil complaint set forth in the Federal Rules of Civil Procedure are intended, in part, to provide notice to the parties and the Court of what the case is about, who it is against, and the specific things the parties did that violated a particular law. A properly pleaded complaint should place an opposing party on notice of something it allegedly did in violation of the law such that it can respond to that claim and defend itself. With that in mind, should Plaintiff choose to file an amended complaint, that complaint should contain a section for general factual allegations and list separately each cause of action, incorporating the relevant general factual allegations into each count to support its statement of claim for that count.

## CONCLUSION

Accordingly, Plaintiff's Motion for Reconsideration and Clarification (Doc. 20) is **DENIED in part and GRANTED in part**.

**ORDERED** in Tampa, Florida, on May 29, 2026.

_____
JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE

3